USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                     Plaintiff,

-against-

EDWARD RAMIREZ,

                     Defendants.

7:25-CR-00035 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Defendant Edward Ramirez ("Defendant") is charged in a one-count felony information ('Information") with possession of a firearm after being convicted of a prior felony, in violation of Title 18 U.S.C. § 922(g)(1). Presently before the Court is Defendant's Motion to Dismiss the Information on the basis that Title 18 U.S.C. § 922(g)(1) ("§ 922(g)(1)") is facially unconstitutional. (ECF No. 38.) For the following reasons, the Court DENIES Defendant's Motion to Dismiss.

## BACKGROUND

The following facts are derived from the Complaint ("Compl.", ECF No. 1.) and are taken as true for the purposes of this motion.

On or about March 4, 2024, Defendant collapsed on a street corner in Yonkers, New York. ("Compl." at 2.) Defendant was laying facedown and unconscious, presumably from a drug overdose. (*Id.*) After an ambulance was called by a Good Samaritan, EMT personnel and Yonkers Police Department officers responded to the scene. (*Id.*) When positioning Defendant on a stretcher and removing his clothing to assess his medical condition, EMTs and law enforcement officers observed a black firearm in the Defendant's waistband. (*Id.*) Law enforcement recovered the firearm, which was identified as a 9 mm black Taurus PT92 AF

1

handgun, containing one round of ammunition in the chamber and a magazine containing 16 rounds of ammunition. (*Id.*) The Yonkers Police Department took custody of the firearm while Defendant was transported to St. Joseph's Medical Center. (*Id.*) Law enforcement later discovered that Defendant had been previously convicted of multiple felonies. (*Id.* at 1.) Most recently, on or about December 8, 2017, Defendant was convicted in New York state court, pursuant to a guilty plea, of Criminal Possession of a Weapon In The Second Degree, in violation of New York Penal Law Section 265.03, a Class C Felony. (*Id.*) As a result of this conviction, Defendant was sentenced to 66 months of incarceration followed by 5 years of post-release supervision. (*Id.*) After being treated at the hospital, Defendant was discharged into law enforcement custody. (*Id.* at 2.)

The Defendant was subsequently charged by Information with possession of a firearm after being convicted of a felony pursuant to § 922(g)(1). Defendant moves to dismiss the Information as unconstitutional and violative of the U.S. Constitution, Second Amendment.

**PROCEDURAL HISTORY**

Defendant was arrested on March 6, 2024, pursuant to a Complaint, charging him with being a felon in possession of a firearm and ammunition in violation of § 922(g)(1). (ECF No. 1.) On January 28, 2025, Mr. Ramirez waived indictment, was arraigned on the Information, charging a violation of § 922(g)(1), and entered a not guilty plea. (ECF No. 24.) On September 19, 2025, Defendant filed the instant Motion to Dismiss the Information and a Memorandum of Law in support. (Def. "Mot." & "Mem.", ECF Nos. 38–39.) On September 26, 2025, the Government filed its Memorandum of Law in Opposition. (ECF No. 40 ("Opp.").) Defendant did not file a reply.

## LEGAL STANDARDS

I. **Federal Rules of Criminal Procedure § 12**

Federal Rules of Criminal Procedure § 12(b)(1) provides that a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. Federal Rules of Criminal Procedure § 12(b)(3)(B)(v) provides, in relevant part, that any defenses, objections, and requests must be raised by pretrial motion if reasonably available and can be determined without a trial on the merits, including the failure to state an offense.

II. **Title 18, U.S.C., § 922(g)(1)**

Title 18 U.S.C. § 922(g)(1) provides that "[i]t shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

III. **Second Amendment Claims**

The Second Amendment to the Constitution of the United States provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Second Amendment grants to individuals the right to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783 (2008). That right, however, is not limitless. (*Id.*) In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, the Supreme Court established the current analytical framework for Second Amendment challenges. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111,

2122 (2022). Under *Bruen*, the Court first asks whether: (1) "the Second Amendment's plain text covers an individual's conduct…" If yes, the conduct is presumptively protected. The burden then shifts to the Government to, (2) "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." (*Id.* at 2126.)

## DISCUSSION

The Court concludes that Defendant's Motion to Dismiss the Information must be DENIED. Defendant argues that § 922(g)(1) is facially unconstitutional and unconstitutional as applied to him because (1) felons are among "the People" whose right to "bear arms" is secured by the Second Amendment of the United States Constitution; (2) the plain text of the Second Amendment covers Defendant's alleged conduct; and (3) the government has not met its burden of identifying historical traditions prohibiting felons from possessing firearms. (Def. Mem. at 6.) The Government counters that Defendant's challenge to the constitutionality of § 922(g)(1) is foreclosed by case law and therefore should be denied. *(See generally* Opp.) The Court will discuss each of Defendant's arguments in turn.

Defendant's argument that he falls within "the People" protected by the Second Amendment is unavailing. Under *Bruen*, a court must first determine whether "the Second Amendment's plain text covers an individual's conduct." (*Id.* at 2126.) If so, the conduct is presumptively protected, and the Government must then "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." (*Id.*) This Court has previously upheld § 922(g)(1) as constitutional under *Bruen*'s framework. *See United States v. Abreu*, No. 23 Cr. 67 (NSR), 2023 WL 6541302, at *4 (S.D.N.Y. Oct. 6, 2023).

Here, Defendant's alleged conduct does not fall within the Second Amendment's plain text because he is a convicted felon. On December 8, 2017, Defendant was convicted in New

4

York state court, pursuant to a guilty plea, of second-degree criminal possession of a loaded firearm, in violation of N.Y. Penal Law § 265.03, a felony. (Compl. at 1.) Courts across the country—including this Court—have repeatedly held that individuals with felony convictions may be disarmed consistently with the Nation's historical tradition. See *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (recognizing a "robust tradition" of disarming persons deemed dangerous or outside legal norms); *Frey v. Nigrelli*, No. 21-cv-5334, 2023 WL 2473375 (S.D.N.Y. Mar. 13, 2023); *United States v. White*, No. 23-cr-140, 2023 WL 6066201 (S.D.N.Y. Sept. 18, 2023). Because Defendant's felony conviction places him outside the class of individuals whose firearm possession is protected by the Second Amendment's plain text, he is not among "the people" whose conduct is shielded by the Amendment for purposes of the *Bruen* inquiry. Therefore, the burden does not shift to the Government to justify § 922(g)(1) by demonstrating that the Nation's historical tradition of firearm regulation is consistent with prohibiting Defendant from possessing and carrying a handgun.

    The Court underscores Defendant's argument that "there is binding precedent in the Second Circuit that . . . compel[s] this Court to deny his motion." (Def. Mem. at 1.) The Second Circuit confirmed in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025) that prior Circuit precedent has held that § 922(g)(1) is facially constitutional and concluded that the Second Amendment does not prevent Congress from disarming convicted felons. Since then, the Second Circuit has repeatedly applied *Zherka* to uphold the constitutionality of § 922(g)(1). *See, e.g.*, *United States v. Abreu*, No. 24-1844-CR, 2025 WL 2674103 (2d Cir. Sept. 18, 2025); *United States v. Rodriguez*, No. 23-6640-CR, 2025 WL 2383829 (2d Cir. Aug. 18, 2025); *United States, v. Centeno*, No. 23-6650-CR, 2025 WL 1806227, at *1 (2d Cir. July 1, 2025); *United States v. Nelson*, No. 23-7893-CR, 2025 WL 1681901 (2d Cir. June 16, 2025). Accordingly, Defendant's

challenge to the constitutionality of § 922(g)(1) is precluded by this Circuit's holding in *Zherka*, which rejects both facial and as-applied challenges.

Thus, Defendant's challenge to § 922(g)(1) fails. As the Second Circuit has recognized, disarmament of convicted felons aligns with this Nation's historical tradition of restricting firearm possession by individuals whose conduct demonstrates danger or disregard for legal norms. *See Zherka v. Bondi*, 140 F.4th at 85. Defendant's Motion to Dismiss the Information on the basis that § 922(g)(1) is facially unconstitutional and as applied specifically to him is, therefore, DENIED in its entirety.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED by the Court. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 38.

Dated: November 19, 2025
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge